Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James T. Moody | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 3827 | DATE | 8/2/2000 |
| CASE TITLE | Follansbee vs. Discovery Financial Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Order and Final Judgment: All claims against Discover in this Litigation are hereby dismissed on the merits and with prejudice, without leave to plaintiff, the Settlement Class or any Settlement Class members, to amend, alter or reopen this judgment once it is entered, all parties to bear their own costs and attorneys' fees (except as provided in paragraph 9 of the attached order.). Any pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | AUG 11 2000 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | 8/9/2000 |
| | Copy to judge/magistrate judge. | 00 AUG 10 PM 5:01 | date mailed notice |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JANICE FOLLANSBEE, individually )
and on behalf of all others )
similarly situated, )
)
Plaintiff, )
)
v. ) No. 99 C 3827  DOCKETED AUG 1 1 2000
) James T. Moody
DISCOVER FINANCIAL SERVICES, ) Chief Judge ~~Marvin E. Aspen~~
INC., )
)
Defendant. )

## ORDER AND FINAL JUDGMENT

On December 16, 1999, this Court entered an Order on Certification of Settlement Class, Preliminary Approval of Proposed Settlement and Commencement of Settlement Approval Process (the "Hearing Order"), certifying the above-captioned litigation ("Litigation") to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3); preliminarily approving the settlement reached between Plaintiff Janice Follansbee ("Plaintiff" or "Follansbee"), on behalf of herself and the Settlement Class she represents (as set forth in the Hearing Order), and Defendant Discover Financial Services, Inc. ("Discover"), as set forth in that certain Stipulation of Settlement dated December 16, 1999 ("Stipulation" or "Settlement"), subject to the Court's further review and consideration at the Settlement Hearing to be held pursuant to the Hearing Order. In the Hearing Order, the Court further directed, among other things, that: (1) Discover mail the Notice (as defined in the Hearing Order) to the Settlement Class, thus notifying the Settlement Class of, *inter alia*, the certification in this Litigation of the Settlement Class for settlement purposes; the terms of the proposed Settlement of this Litigation on behalf of the Settlement Class;



Class Counsel's intention to petition the Court for an award of attorneys' fees, costs and expenses at the Settlement Hearing; each Settlement Class member's right to request exclusion from the Settlement Class or to attend the Settlement Hearing and object to any or all of the foregoing if appropriate filings were made within the time provided in the Notice; and (2) Discover file sworn affidavits attesting to the mailing of the Notice to Settlement Class members in accord with Paragraph 6 of the Hearing Order, and identifying those Settlement Class members from whom Requests for Exclusion were received. The Settlement Hearing was held on _April 18_, 2000. Prior to the Settlement Hearing, Discover and its counsel submitted appropriate proof of compliance with the Notice requirements of the Hearing Order. Upon consideration of the matters adduced at the Settlement Hearing, including all submissions filed with respect to either the proposed Settlement or Class Counsel's request for an award of attorneys' fees and litigation expenses, and the applicable law and facts, and the Court being fully advised;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. For purposes of this Order and Final Judgment, the Court adopts and incorporates by reference the definitions in the Stipulation.

2. The Settlement Class consists of all persons who have not submitted, as set forth in the Stipulation and Hearing Order, timely and valid (and thus effective) Requests for Exclusion from the Settlement Class, and who currently have or previously had a credit card account with Discover, and to whom Discover caused to be delivered a letter (the "Warning Letter") that referenced Internal Revenue Service ("IRS") regulations regarding the possible reporting of unpaid account balances to the IRS for possible recognition by the IRS as a discharged debt that might give rise to taxable income to such persons.

For purposes of the foregoing definition of the Settlement Class, it shall be presumed that the Warning Letter was "delivered" to a Settlement Class member if the business records of Discover reflect, *inter alia*, that: (1) Discover caused the Warning Letter to be generated and addressed to a last known billing address on the Settlement Class members' credit card account with Discover; and (2) the Warning Letter was not returned to Discover as undeliverable by the United States Postal Service.

3. The Notice given to the Settlement Class pursuant to the Hearing Order, including the individual notice given to all members of the Settlement Class who could be identified through reasonable effort (as set forth in the Stipulation), provided valid, due and sufficient notice of, *inter alia*, (a) the certification of the Settlement Class; (b) the pendency of this class action Litigation and the terms of the proposed Settlement; (c) Class Counsel's intention to seek an award of attorneys' fees, costs and expenses; (d) the pendency of the Settlement Hearing; (e) the rights of Settlement Class members to request exclusion from the Settlement Class; and (f) the rights of the Settlement Class members to appear at the Settlement Hearing and object to any or all of the foregoing. Such notice satisfies the requirements of Federal Rule of Civil Procedure 23, the Constitution of the United States, and all other applicable law.

4. The Court hereby approves the Settlement set forth in the Stipulation by and between Plaintiff and the Settlement Class, on the one hand, and Discover, on the other hand. The Court finds that the Settlement is, in all respects, fair, reasonable, adequate, proper and in the best interests of the Settlement Class and its members.

5. Plaintiff, the Settlement Class she represents, and Discover, are directed to and shall consummate the Settlement in accordance with the Stipulation, the terms of which are approved in all respects.

6. All claims, rights, causes of action or choses in action, whether under state or federal or statutory or common law, including but not limited to claims arising under the Truth in Lending Act, the Fair Debt Collection Practices Act, the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, or any state or federal law regarding consumer or debtor fraud or unfair or deceptive trade or business practices (including, without limitation, Chapter 93A of the Massachusetts General Law), or otherwise, and including any damages, losses and demands of any nature whatsoever (including, but not limited to, compensatory damages, consequential damages, statutory damages, restitution, punitive damages, contempt, sanctions, penalties, attorneys' fees, injunctive relief, declaratory relief or otherwise), whether known or unknown, presently existing or arising in the future, that are, could have been or might in the future have been asserted by Plaintiff or any member of the Settlement Class, whether directly, representatively or in any other capacity, against Discover, its parent companies, holding companies, affiliates, or predecessors-in-interest, and any of the present or former officers, directors, shareholders, employees, accountants, representatives, attorneys, subsidiaries, divisions, successors, heirs, agents or assigns of any of the foregoing (the "Released Persons"), from the beginning of the world to the entry by the Court of this Order and Final Judgment, that in any way bear a connection with, relate to or arise out of any of the facts that are or could have been alleged in the Complaint filed in this Litigation, including by way of example and not limitation, the sending or use of the Warning Letter, the sending or filing with the IRS of any

Form 1099C as to members of the Settlement Class, or any communications, representations or omissions by or on behalf of any of the Released Persons with respect to any of the foregoing, or any acts, facts, transactions or occurrences that are alleged or otherwise asserted in the Litigation, including all claims based on Discovers' collection of debt related to credit cards (all the foregoing claims, rights, causes of action or choses in action in this paragraph are hereinafter referred to as the "Settled Claims"), shall be fully and finally compromised, settled, released and discharged with prejudice; provided, however, that nothing herein shall bar an action to construe or enforce the terms of this Stipulation. Plaintiff and each Settlement Class member also expressly waives and relinquishes, to the fullest extent permitted by law, the provisions, rights and benefits of §1542 of the California Civil Code, to the extent applicable, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff and each Settlement Class member further waives and relinquishes, to the fullest extent permitted by law, the provisions, rights and benefits of all other similar state or federal laws, rules, regulations or common law doctrines.

7. All claims against Discover in this Litigation are hereby dismissed on the merits and with prejudice, without leave to Plaintiff, the Settlement Class or any Settlement Class members, to amend, alter or reopen this judgment once it is entered, all parties to bear their own costs and attorneys' fees (except as provided in paragraph 9 below).

8. Plaintiff, the Settlement Class and all Settlement Class members, along with their predecessors, successors, heirs, executors, administrators, agents, representatives and assigns, are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing,

either directly or in any other capacity, any action against any one or more of Discover or the Released Persons that are based upon, relate in any way to, or arise in any way out of, in whole or in part, one or more of the Settled Claims.

9. The Court grants Class Counsel's application for attorneys' fees, costs and expenses to be paid in accord with the Stipulation. The Court also grants Class Counsel's application for an incentive award to Plaintiff Follansbee, as class representative to be paid by Discover (in accord with the Stipulation).

10. Without affecting the finality of this judgment, jurisdiction is hereby retained by the Court as to all matters relating to the construction, enforcement and administration of the Settlement and Agreement. Nothing contained herein shall in any way be deemed to affect, limit or waive the right of any party to bring before this Court any action necessary to enforce or construe the terms of the Stipulation.

Dated: August 2, 2000

Hon. James T. Moody
United States District Court for the
Northern District of Illinois

6